I respectfully dissent only as to the fourth assignment of error.
In the fourth assignment of error, the appellant states that the court erred when it ordered him to pay a portion of the expert witness fee of Dr. Thomas Hall, an expert for the appellee. The appellant argues in his appellate brief that the trial court erred when it imputed income to him, and that any award based upon the imputed income is reversible error. This argument need not be addressed as this court has already found the imputation of income was proper. See the second assignment of error, supra. The appellant also asserts that the magistrate's interpretation of the referral order is flawed.[1] The appellant states that the referral order is subject to two interpretations, that the trial court's interpretation is arbitrary, and the trial court has committed an abuse of discretion.
The standard of review of this assignment of error is one of abuse of discretion. As the majority notes in the first assignment of error, supra, an abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Rock v.Cabral (1993), 67 Ohio St.3d 108; Blakemore v.Blakemore (1983), Ohio St.3d 217.
The local rule requiring interpretation in the case sub judice is Dom.Rel.Loc.R. 17 (C) (1) and (2) which states in pertinent part:
 (C) Referral for Evaluation Other Than to Family Conciliation Services.
 (1) The assigned judge may, at his/her discretion, refer any or all the parties to an individual or agency other than Family Conciliation Service for the purpose of conciliation, examination and/or evaluation upon motion of any party, the court's own motion or the recommendation of a referee. Unless otherwise expressly provided in the order of referral, the party seeking such referral shall pay the costs for any services provided the parties . . .
 (2) . . . The report shall be separately maintained and not be made part of the court file unless admitted into evidence at time of hearing. Any party desiring the presence of the preparer of the report at hearing shall issue a subpoena therefor and shall pay any fees connected with such attendance at hearing. In the event it is shown that a party requiring the presence of the preparer of the report at hearing cannot pay any or a part of the costs of such presence, the judge may order said costs paid by one or more of the parties.
In the referral entry of January 16, 1996, the court ordered:
 [Appellee] has retained the services of Dr. Thomas Hall to prepare the independent custody/visitation evaluation. The parties agree to cooperate with Dr. Hall during this evaluation attend all supervised sessions and provide all necessary documentation and sign the necessary releases. [Appellee] to be responsible for said expense, yet said expense will be presented at final trial as an expense of litigation.
In the final journal entry granting the divorce, the court ordered the appellant to pay 28% of Dr. Hall's fee and the appellee to pay 71% of the fee.[2]
The language of Dom.Rel.Loc.R. 17 (C) clearly provides a mechanism by which the court may impose on either party the fees of an expert used for the purposes of family conciliation, examination and/or evaluation, the only requirement placed on the court is that it do so at the time the referral entry is made.
Here, the trial court's referral order initially indicated that the appellee would be responsible for Dr.Hall's expenses, but reserved a final decision for the trial. While the appellant posits that the court's order may be construed to mean that the monies were not due and owing until trial, this reasoning seems to be a stretch of logic in light of the trial court's final order on the subject. The real question presented is whether or not, under the local rule, the court may reserve the division of fees until a later time in the litigation. This court should find that the trial court is within its discretion to do so. The language used by the court in this referral order was an express use of its authority and its discretion to allocate the expert witness fee.
In the final analysis, it seems difficult to find that the court abused its discretion, was unreasonable, arbitrary or unconscionable, when it used the mechanism for allocating expert fees provided for in the local rule. While there may be many reasons for the trial court's making such a determination, i.e., one party in need of an expert but unable to afford the expenses, it is not for this court to guess or to substitute its judgment for that of the trial court.
I would find that the trial court's division of the expert witness fee of Dr. Hall should be affirmed.
LEO M. SPELLACY, J., CONCURS WITH THIS DISSENTING OPINION.
[1] The referral order was signed by both the trial judge and the magistrate.
[2] The unaccounted for 1% is presumably an offering to the Gods of the Domestic Relations Division.